UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN LANETTE HAYES,<br><br>    Petitioner,<br><br>  vs.<br><br>TINA HORNBEAK,<br><br>    Respondent. | Case No. SACV 08-144-RGK (RNB)<br><br>ORDER TO SHOW CAUSE |

    Petitioner, who currently is confined at a state prison facility in Chowchilla, lodged for filing a Petition for Writ of Habeas Corpus by a Person in State Custody herein on February 4, 2008.[1]

    Petitioner is challenging a 2004 conviction sustained in Orange County Superior Court. Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See Calderon v. United States District Court for the Central District of

---

[1] The signature date on the Petition, and thus the earliest date on which it could have been turned over to the prison authorities for mailing for purposes of the prison mailbox rule, is January 31, 2008.

1

California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and 118 S. Ct. 1389 (1998).[2] 28 U.S.C. § 2244(d) provides:

"(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

---

[2] Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

Here, according to the California Appellate Courts website, petitioner's Petition for Review was denied by the California Supreme Court on September 13, 2006. Thus, "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review" was December 12, 2006, when the 90-day period for petitioner to petition the United States Supreme Court for a writ of certiorari expired. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999); Beeler, 128 F.3d at 1286 n.2. Consequently, if measured from the date on which the judgment of conviction became final,[3] petitioner's last day to file her federal habeas petition was December 12, 2007,[4] unless a basis for tolling the statute existed. No such basis appears to exist here. In ¶ 6 of the Petition, petitioner answered "no" in response to the question asking whether she had previously filed any habeas petition in any state court with respect to this judgment of conviction. Moreover, under Duncan v. Walker, 533 U.S. 167, 181, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001), petitioner would not be entitled to any statutory tolling for the pendency of her prior federal habeas petition in Case No. SACV 07-727-RGK (RNB).

The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

---

[3] Given the nature of petitioner's claims herein, it does not appear that any of the other trigger dates could possibly apply here. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. Cal. 2001) (stating that the statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

[4] See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

3

Case 8:08-cv-00144-RGK-RNB   Document 3   Filed 02/11/08   Page 4 of 4   Page ID #:16

IT THEREFORE IS ORDERED that, on or before March 17, 2008, petitioner show cause in writing, if any she has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness. If petitioner intends to rely on the equitable tolling doctrine, she will need to include with her response to the Order to Show Cause a declaration under penalty of perjury stating facts showing (1) that she has been pursuing her rights diligently, and (2) that some "extraordinary circumstances" beyond petitioner's control stood in her way and/or made it impossible for her to file the Petition on time. See Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005); see also Roy v. Lampert, 465 F.3d 964, 969 (2006), cert. denied, 127 S. Ct. 1880 (2007); Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

DATED: February 11, 2008

/s/ Robert N. Block
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

4